UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JONATHAN CORREIA :
:
v. : C.A. No. 16-413S
:
NANCY A. BERRYHILL, Acting :
Commissioner of the Social Security :
Administration :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed his Complaint on July 22, 2016 seeking to reverse the decision of the Commissioner. On April 28, 2017, Plaintiff filed a Motion to Reverse Without or, Alternatively, With a Remand for a Rehearing of the Commissioner's Final Decision. (ECF Doc. No. 12). On May 9, 2017, the Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner. (ECF Doc. No. 13). Plaintiff filed a Reply Brief on June 13, 2017. (ECF Doc. No. 14).

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent research, I find that there is not substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion for Reversal (ECF Doc. No. 12) be GRANTED and that the Commissioner's Motion to Affirm (ECF Doc. No. 13) be DENIED.

I.     **PROCEDURAL HISTORY**

Plaintiff filed an application for DIB on December 2, 2013 (Tr. 218-224) alleging disability since November 5, 2013. The application was denied initially on December 17, 2013 (Tr. 115-123, 137-139) and

on reconsideration on February 27, 2014. (Tr. 125-135). Plaintiff's date last insured is December 31, 2017. (Tr. 22). Plaintiff requested an Administrative Hearing. On August 19, 2014, a hearing was held before Administrative Law Judge Donald P. Cole (the "ALJ") at which time Plaintiff, represented by counsel, and a vocational expert ("VE") appeared and testified. (Tr. 50-114). A supplemental hearing was held on January 7, 2015 at which time Stuart Gitlow ("ME") appeared and testified. (Tr. 93-114). The ALJ issued an unfavorable decision to Plaintiff on April 22, 2015. (Tr. 17-36). The Appeals Council denied Plaintiff's request for review on May 23, 2016. (Tr. 1-3). Therefore, the ALJ's decision became final. A timely appeal was then filed with this Court.

## II. THE PARTIES' POSITIONS

Plaintiff argues that the ALJ failed to properly evaluate the medical opinion evidence.

The Commissioner disputes Plaintiff's claims and contends that the ALJ properly determined at Step 3 that Plaintiff's impairments did not meet a Listing and properly evaluated the medical opinion evidence.

## III. THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v.

2

Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new

3

> evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. Id.

## IV. THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A. Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or

report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527©. However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

**B.     Developing the Record**

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142

(1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C. Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

### D. The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through

four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

E.   **Other Work**

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

1.  **Pain**

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1) The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
> (2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
> (3) Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
> (4) Treatment, other than medication, for relief of pain;

8

(5) Functional restrictions; and

(6) The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

2. **Credibility**

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

V. **APPLICATION AND ANALYSIS**

A. **The ALJ's Decision**

The ALJ decided this case adverse to Plaintiff at Step 5. At Step 2, the ALJ found that Plaintiff's mood disorder and cannabis dependence disorder with daily use were severe impairments. (Tr. 22). At Step 3, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing – in particular, Listings 12.04 or 12.09. (Tr. 22-24). The ALJ then determined that Plaintiff had the RFC to perform a full range of exertional work but was limited to simple, routine,

repetitive tasks with breaks every two hours, no interaction with the general public, and only occasional, limited work-related contact with co-workers and supervisors. (Tr. 24). Based on this RFC and testimony from the VE, the ALJ concluded that Plaintiff could not perform his past work as a short order cook or technical support representative but could perform other unskilled work such as janitor and light production workers. (Tr. 30-91). Thus, the ALJ determined at Step 5 that Plaintiff was not disabled from November 5, 2013 through April 22, 2015. (Tr. 31).

**B.     The ALJ's Evaluation of the Medical Opinion Evidence is Not Supported by Substantial Evidence**

The ALJ initially held a hearing in this case on August 19, 2014. (Tr. 50-92). Plaintiff, represented by counsel, and a VE appeared and testified. Plaintiff's counsel argued that Plaintiff suffers from "significant mental health impairments" which had resulted in ECT (Electroniconvulsive Therapy) treatment and a psychiatric hospitalization in November 2013 with homicidal and suicidal ideation. (Tr. 54). He argued that Plaintiff's condition met Listing 12.04 – affective disorders. Id. At the conclusion of the hearing, the ALJ indicated that Plaintiff could expect a decision in "a month or more." (Tr. 92). The ALJ did not request any further treatment records or express the need for any additional opinion evidence.

On October 2, 2014, the ALJ noticed a second Supplemental Hearing and arranged for review of the records and testimony by a psychiatric medical expert, Dr. Stuart Gitlow. (Exh. 13B). The Supplemental Hearing took place on January 7, 2015. (Tr. 93-114). Dr. Gitlow testified that he reviewed the medical evidence to date and that it was sufficient to allow him to offer medical opinion testimony. (Tr. 98).

Dr. Gitlow discussed the December 10, 2014 opinion of Dr. Qualls, a treating psychiatrist, (Exh. 31F). (Tr. 99-100). He concluded that the impairments described in the opinion are "fairly significant, and that's consistent with the rest of the record which also shows fairly significant symptoms." (Tr. 100). He observed that Plaintiff received ECT a year prior and that "ECT wouldn't be provided to somebody who was doing reasonably well" and that it was "ordinarily a treatment of last resort." Id. He opined that Plaintiff has

a "fairly significant impairment" – "marked in terms of social function" and "concentration, persistence and pace," "moderate difficulties in carrying out his ADLs," and "more or less just one continuous decompensation." (Tr. 102). He concluded that Plaintiff met Listing 12.09. Id.

As to the diagnosis, Dr. Gitlow opined that Plaintiff had a mood disorder, not otherwise specified, as well as marijuana dependence and marijuana-induced psychiatric disorders. (Tr. 100-101). He opined that there was an 80% likelihood that Plaintiff would not have any of the impairing difficulties that he currently has absent marijuana use. (Tr. 101).[1] The ALJ rejected this portion of Dr. Gitlow's opinion as "merely speculative in nature" and "not supported by substantial evidence." (Tr. 28, n.4).

At the Supplemental Hearing, the ALJ indicated that he "felt it would be helpful to have testimony from a medical expert, specifically a psychiatrist." (Tr. 95). However, in his decision, the ALJ concluded that the record as a whole did not support Dr. Gitlow's opinion that Plaintiff meets Listing 12.09. (Tr. 29). The ALJ also rejected Dr. Gitlow's opinion that Plaintiff does not have a primary mental impairment apart from marijuana abuse. Id. Although not crystal clear to me, it appears that the ALJ misconstrued Dr. Gitlow's testimony on this point. The record reasonably suggests that Dr. Gitlow testified that Plaintiff suffered from both marijuana dependence and marijuana-induced psychiatric disorders but also independently from a mood disorder.

The ALJ rejected Dr. Gitlow's opinions and favored the opinions of the "non-examining physician reviewers at the reconsideration level." (Tr. 29; Exh. 3A). He also gave no probative weight to the opinions of Plaintiff's counsellor, Ms. Lasalle, or his treating psychiatrist, Dr. Qualls.

The ALJ ultimately based his RFC finding on the opinion rendered by Dr. Slavit, a consulting psychologist, on February 26, 2014. (Exh. 3A). Dr. Slavit did not, however, have the opportunity to review the ongoing treatment records of either Dr. Qualls or Ms. Lasalle. The ALJ presumably determined after the

---

[1] Social Security Ruling 13-2 (Evaluating Cases Involving Drug Addiction and Alcoholism) provides that "[w]e do not know of any research data that we can use to predict reliably that any given claimant's co-occurring mental disorder would improve, or the extent to which it would improve, if the claimant were to stop using drugs or alcohol."

11

first hearing that these subsequent treatment records should be interpreted by a medical expert. Otherwise, the ALJ would have rendered his decision based on the record as it existed on August 19, 2014.

Dr. Gitlow had the opportunity to review those subsequent records and, after doing so, opined that Plaintiff had fairly significant impairments and met Listing 12.09. He also found that the Plaintiff's impairments as described by Dr. Qualls in his opinion letter dated December 10, 2014 were "consistent with the rest of the record which also shows fairly significant impairments." (Tr. 100).

This is a complex case and reasonable minds may differ as to the ultimate outcome. However, it appears that the ALJ, at least in part, misconstrued Dr. Gitlow's testimony when he found that the record did not establish a primary mental impairment apart from marijuana abuse. In fact, Dr. Gitlow acknowledged that the ECT treatment (one of "last resort") and the medications provided to Plaintiff would not have been prescribed unless Plaintiff suffered from a condition other than marijuana abuse. (Tr. 108-109). In addition, Dr. Gitlow was able to review a more extensive medical record than was before Dr. Slavit. In summary, on these particular facts, the Court concludes that the ALJ erred by favoring the opinions of Dr. Slavit over those of Dr. Gitlow[2] and the treating sources.

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion for Reversal (ECF Doc. No. 12) be GRANTED and that Defendant's Motion to Affirm (ECF Doc. No. 13) be DENIED. Further, I recommend that Final Judgment enter in favor of Plaintiff remanding this matter for further administrative proceedings consistent with this decision.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to

---

[2] Neither side challenges that portion of the ALJ's decision rejecting as speculative Dr. Gitlow's opinion as to the likelihood of improvement absent marijuana use.

appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 5, 2017